Fleet Carrier Corporation *v.* Lahere, Appellant.

Argued April 8, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Lee C. McCandless,* for appellant.

*William C. Robinson,* with him *Zeno F. Henninger,* and *Henninger & Robinson,* for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

This action arose out of a collision on route 422, a three lane highway. A two door Chevrolet owned by Raymond P. Lahere was traveling in a westerly direction and from the opposite direction came a truck. Following this first truck were two other trucks, one towing the other in piggyback fashion. The two trucks

traveling in piggyback fashion were owned by the Fleet Carrier Corporation, plaintiff in this case. Sometime between three and four A.M. the plaintiff's truck, driven by Herman Clifford Wankel, was attempting to pass the first truck and in passing drove the trucks out into the center lane of this three lane highway, was side by side with the first mentioned truck, and came in contact with the Chevrolet car driven by Raymond P. Lahere approaching from the opposite direction. As a result the truck of the plaintiff was damaged. Raymond P. Lahere, defendant, received injuries to his person and his Chevrolet was demolished. Plaintiff brought suit against defendant for the damage to its truck and defendant filed a counter-claim.

Plaintiff's theory of the case is that its truck had a right to pass the first truck and in doing so had the right to use the center lane and that Raymond P. Lahere, defendant, was at fault because he was in the center lane when he should have been on his right side. Raymond P. Lahere, contends that that is not the way the accident occurred. He testified that he was not in the center lane but that he was on his own right side and that the trucks coming down the road and in passing the first truck came into his lane and struck his car.

The jury returned a verdict in favor of the Fleet Carrier Corporation in the amount of $1,944.93 and also in favor of the Fleet Carrier Corporation in the counter-claim. A motion for new trial was filed by defendant in which he sets forth that the trial court erred in instructing the jury as to the use of a center lane of a three lane highway. The other reason in the motion for a new trial was the conduct of counsel in closing arguments.

As to the center lane, the court instructed the jury as follows: "In making a pass by use of that center

lane one cannot do so unless that center lane is free of oncoming traffic for a sufficient distance to be made in safety and with that I leave the case with you."

We believe that defendant's objection to the court's charge is groundless; the charge was substantially correct.

As to the other objection involving the remarks of counsel, we are of the opinion that the appellant has valid argument to justify requesting a new trial. Counsel for plaintiff, in his closing argument, stated: "I assure you that notwithstanding what was argued to you, no difference what Mr. McCandless said or how large your verdict, I assure you that Mr. Lahere will not have to pay one cent of it."

The court instructed the jury to disregard the statement by counsel for the plaintiff as to the question of payment of the verdict. It seems to us, however, that the remark of counsel for plaintiff connotes very clearly that the individual defendant carried liability insurance: In *Kaplan v. Loev*, 327 Pa. 465, 194 A. 653, the Supreme Court held: "The fact that the defendant in an action of trespass is insured is an irrelevant fact prejudicial to the defendant and its introduction by the plaintiff, whether by questions asked witnesses or otherwise, is reversible error."

In the case before us the lower court was well aware that counsel for plaintiff went beyond the limitations of a legitimate argument. The remarks of counsel, we feel, were so improper and so prejudicial that no amount of precaution taken by the court could have prevented a prejudicial effect on the jury. The court, it is true, did admonish the jury to disregard the remarks but this admonition coming after a clear innuendo as to who would pay the verdict had its effect on the jury and prevented a fair trial.

Judgment reversed and new trial granted.