F. C. Haab Co., Inc., Appellant, *v.* Peltz Street Terminals, Inc.

Argued January 3, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Robert K. Greenfield,* with him *Edward Greer, Stanford S. Hunn,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellant.

*Abraham L. Shapiro,* with him *Norman C. Henss,* and *Cohen, Shapiro and Cohen,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 17, 1962:

The plaintiff appeals from the order granting a new trial after a verdict of a jury in favor of the plaintiff.

The defendant owns and operates an oil terminal on the Schuylkill River. Oil is delivered to the terminal by barge and is stored in tanks from which it is dispensed to tank vehicles. The oil owned by the tenants is co-mingled. The grade and quality of the particular types of oil is kept separate, but co-mingled as to the ownership. The defendant's operation is known as thruputting.

The plaintiff, a fuel oil distributor and one of defendant's tenants, sued the defendant in assumpsit for breach of a written thruput contract, dated July 1, 1956. After the parties had operated under the contract for approximately one year, the plaintiff withdrew from the terminal alleging breach of contract in

several instances by the defendant. The defendant answered and filed a counterclaim. The trial resulted in a verdict for plaintiff on its claim as well as on the counterclaim, and the defendant filed motions for judgment n.o.v. and new trial. The motion for judgment n.o.v. was refused and the new trial motion granted. The court below assigned various errors committed in the trial of the case as the reasons for the new trial.

In our review of the grant of a new trial, we are bound by a well established principle of law. This principle was most recently enunciated by Mr. Chief Justice BELL in *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 472, 175 A. 2d 864 (1961), wherein he quoted the language of *Segriff v. Johnston*, 402 Pa. 109, 114, 166 A. 2d 496 (1960), as follows: "We will not reverse the grant of a new trial unless (1) there was a clear abuse of discretion or (2) an error of law which controlled the outcome of the case, . . . [citing numerous recent cases]."

The history of the case at bar is long and involved, as is the course of the actual litigation. There is no advantage to be derived from a rehearsal of this history. Suffice it to say that an exhaustive review of the record fails to reveal a clear abuse of discretion or an error of law which controlled the outcome of the case. In such circumstances, the action of the court below in granting appellee's motion for a new trial must be affirmed.

Order affirmed.