DeMichiei, Appellant, *v.* Holfelder.

Argued March 25, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Morris M. Berger,* with him *Daniel M. Berger, Paul R. Zavarella,* and *Berger & Berger,* for appellant.

*Sanford M. Chilcote,* with him *Theodore O. Struk,* and *Dickie, McCamey, Chilcote & Robinson,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, April 16, 1963:

An automobile driven by plaintiff and a truck owned by defendant Harry C. Holfelder and driven by his son who was joined as a defendant, collided on a curve. Each driver claimed that the other car was over the center line. Plaintiff sued for personal injuries and property damage; defendant Harry C. Holfelder counterclaimed for damages to his truck. The only eyewitnesses were the two drivers.

The jury returned a verdict for defendants on plaintiff's claim, and for the plaintiff on defendants' counterclaim. After the refusal of a new trial, plaintiff appealed from the judgment entered on the verdict.

In view of the conflicting evidence this was obviously a jury case. However, appellant contends (1) the charge of the court was inadequate and (2) *the conduct of counsel* for appellees—regarding the admission of the hospital record of plaintiff—was prejudicial. The hospital record contained the following: "States the sun got in his eyes." Since the hospital record was not admitted, its admissibility is not in issue.* Appellant took only a general exception to the charge.

"The grant or refusal of a new trial by the lower Court will not be reversed by this Court in the absence of a clear abuse of discretion or an error of law which controlled the outcome of the case: F. C. Haab Co., Inc. v. Peltz Street Terminals, Inc., 407 Pa. 276, 278, 180 A. 2d 35; Bohner v. Eastern Express, Inc., 405 Pa. 463, 472, 175 A. 2d 864; Segriff v. Johnston, 402 Pa. 109, 114, 166 A. 2d 496. . . ." *Menyo v. Sphar,* 409 Pa. 223, 225, 186 A. 2d 9. Accord: *Frisina v. Stanley,* 409 Pa. 5, 185 A. 2d 580.

---

* On this point we direct the attention of courts and counsel to *Fauceglia v. Harry,* 409 Pa. 155, 185 A. 2d 598; cf. also *Commonwealth v. Harris,* 351 Pa. 325, 41 A. 2d 688.

In determining the correctness and adequacy of a Court's charge to a jury, the charge must be read and considered as a whole and not just isolated excerpts therefrom: *Commonwealth v. Clanton*, 395 Pa. 521, 525, 151 A. 2d 88; *Commonwealth v. Butler*, 405 Pa. 36, 52, 173 A. 2d 468; *Segriff v. Johnston*, 402 Pa. 109, 113, 166 A. 2d 496; *Commonwealth v. Jordan*, 407 Pa. 575, 586, 181 A. 2d 310.

In *Segriff v. Johnston*, supra, the Court said (page 113): "'A proper administration of justice requires that new trials be not granted on errors which counsel had ample opportunity to correct. It is only when errors are basic and fundamental and cannot be corrected at the trial that this Court will consider them under a general exception: Medvidovich v. Schultz, 309 Pa. 450; Whitton v. H. A. Gable Co., 331 Pa. 429.' McDonald v. Ferrebee, 366 Pa. 543, 547, 79 A. 2d 232.

"Moreover a charge of the Court must be considered in its entirety; isolated portions thereof, even if erroneous, will not justify a new trial unless they constitute basic, fundamental and prejudicial error: James v. Ferguson, 401 Pa. 92, 162 A. 2d 690; McDonald v. Ferrebee, supra; Giannone v. Reale, 333 Pa. 21, 3 A. 2d 331; Commonwealth v. Kloiber, 378 Pa. 412, 106 A. 2d 820; Commonwealth v. Clanton, 395 Pa. 521, 151 A. 2d 88; Commonwealth v. Richardson, 392 Pa. 528, 140 A. 2d 828; Commonwealth v. Donough, 377 Pa. 46, 103 A. 2d 694; Commonwealth v. Patskin, 372 Pa. 402, 93 A. 2d 704."

We find no reversible error in the Court's charge.

Appellant's second ground of alleged error is thus stated: "Where defense counsel, following several rulings by the trial judge excluding the admission of a portion of a hospital record, continues to question witnesses concerning this record, requests in open court that the excluded hospital record remain in court, and in other ways, by his language and tone of voice, indi-

cates to the jury that plaintiff's action in objecting to the admission of the hospital record is an attempt to conceal something of importance from the jury, has not defendants' counsel so prejudiced plaintiff's case as to require granting of a new trial after a verdict in favor of defendants?"

The trial Judge who saw and heard what transpired is in a far better position to determine this question than an appellate Court and he found no merit in it: Cf. *McCune v. Leamer,* 383 Pa. 434, 437, 119 A. 2d 89. We find no clear abuse of discretion or error of law.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.