Trimble, Appellant, v. Merloe.

Argued October 9, 1963.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Patrick H. Fierro,* for appellant.

*H. Alvan Baird,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, February 13, 1964:

Plaintiff-appellant, in an action of trespass for personal injuries, was awarded $47,000 by a jury in the Court of Common Pleas of Lycoming County.   Defendant-appellee filed a motion for a new trial which was granted by the court en banc.   It is from the order granting a new trial that this appeal was taken.

The sole issue before us is whether a discussion of insurance in the closing argument by the attorney for plaintiff was so prejudicial to defendant as to warrant the granting of a new trial.   The remarks of counsel for plaintiff, to which exceptions were taken, are noted on the record as follows:

"Counsel for the Plaintiff told the jury that there were two items that the Jury often questioned Counsel about, not excluding or including Plaintiff's Counsel in this case. Number one, that we were not allowed to tell Jurors the sum of money that the Plaintiff wanted, because the law wisely believes that to do so may prejudice the Jury and that is one of the reasons we may not speak about it.

"Secondly, I told the Jury that Jurors aften asked Trial Counsel why insurance is not mentioned, or if available, why the amount of the insurance is not given to the Jury, and Trial Counsel stated that it was unimportant whether a Defendant was insured or not, rich or poor, that the law expected the Jury to arrive at a verdict not based upon any factor which might prejudice them or allow them to give a verdict not in accordance with the evidence, but in no case did I mention whether or not this particular Defendant had insurance."

In this and every adversary tort proceeding, two basic issues are presented: (1) liability and (2) the damages to be awarded as compensation for the wrongful invasion of plaintiff's rights. In resolving these issues (in the absence of punitive damages), consideration of the affluence of the defendant, his ability to pay, or his liability insurance coverage is improper, irrelevant, prejudicial, and clearly beyond the legally established boundaries.

The rule concerning the mentioning of insurance during a trial was best stated in *Lenahan v. Pittston Coal Mining Co.,* 221 Pa. 626, 629, 70 Atl. 884, 885 (1908), and was repeated in *Kaplan v. Loev,* 327 Pa. 465, 468-69, 194 Atl. 653, 655 (1937), from which we quote: " 'The fact that the defendant in an action for personal injuries is insured . . . has not the slightest bearing on the issue. It is an irrelevant fact prejudicial to the defendant and its introduction by the plaintiff, wheth-

er by testimony offered by him, by statements of his counsel, by offers of proof or by questions asked witnesses or jurors under the pretense of disclosing interest or bias, is ground for reversal: . . . Walsh v. Wilkes-Barre, 215 Pa. 226; Hollis v. Glass Co., 220 Pa. 49. The rulings of these cases will be strictly adhered to and rigidly enforced, and no evasion or circumvention of them by indirection will be tolerated.' " Accord, *Fleet Carrier Corp. v. Lahere*, 184 Pa. Superior Ct. 201, 132 A. 2d 723 (1957). This is an accurate statement of the law, and this Court has no intention of departing from it.

In the first trial of this case, the jury was unable to resolve the principal issues of liability and damages. It could not agree upon a verdict for plaintiff even in a modest amount. Nevertheless, the jury in the second trial, which heard the insurance statements by plaintiff's counsel, returned a verdict for plaintiff in the sum of $47,000. Of this verdict the lower court noted: "The question as to liability was close and not clear. First, as to the negligence of the Defendant, and second, as to the contributory negligence of the Plaintiff, and the mention of insurance may have been a determining factor in deciding liability or as to the amount of the verdict awarded. . . ."

This is an instance where plaintiff's counsel made a conscious and deliberate effort to build his case and verdict by seeking to distract the jury from the real issues and to induce a substantial verdict by inferences, allusions and insinuations by his insurance comments. This approach was clearly a design to make capital out of something not in the record and no part of the lawsuit. Insurance had not been mentioned or even suggested prior to his summation. It would indeed be naive to proceed upon the wholly unrealistic assumption that counsel's insurance argument was not made with the expectation that it would help his case. Here,

again, the opinion of the trial court is significant and persuasive:

"Where as here the injection of insurance was done directly, deliberately and by design by counsel for the Plaintiff and it reasonably appears that it was prejudicial to the Defendant, a new trial should be granted. No other reference to insurance was made during the trial of the case and the remark of counsel brought to the juror's attention the question of liability insurance.

"Plaintiff received serious injuries but there was minimum testimony regarding loss of earning power. Plaintiff's medical and hospital expenses amount to $3300, and the damage to his motorcycle $200. At the time of the accident Plaintiff was 41 years of age, unemployed and on Public Assistance. In view of the fact that the jury returned a sizeable verdict indicates that they may have been prejudiced in favor of the Plaintiff and against the Defendant, and the injection of insurance may have prevented the rendition of a fair and impartial verdict."

Were we to approve the use of the insurance argument here presented, we would be permitting a plaintiff to place the defense in an intentionally planned unfair position. The defense must then either ignore the insurance discussion, thereby leaving the plaintiff with the advantage he created, or answer the argument, thereby perhaps emphasizing a matter that should not be before the jury at all.[1] Moreover, assuming that the defendant is neither affluent nor insured, the result is inescapable. The jury which ought not ever consider the question of insurance has had implanted in its mind the possibility that such coverage exists.

---

[1] If the defense pursues the latter alternative, is not the defense further burdened with the possibility of being regarded as having waived its right to preserve its objection and to attack the improper argument?

It is invited to disregard its oath to try the case on its merits and to substitute therefor not a consideration of liability or actual damages, but rather whether the defendant will suffer as the result of a large verdict.

In granting a new trial, the court below appropriately said: "We are satisfied that counsel for the Plaintiff deliberately injected the issue of insurance in his closing argument and this may have caused a higher verdict for his client, the plaintiff, thus working an injury to the Defendant. We are satisfied that right and justice demand that a new trial should be granted. . . ."

The grant of a new trial by the lower court will not be reversed in the absence of a clear abuse of discretion or an error of law which controlled the final disposition of the case. *DeMichiei v. Holfelder*, 410 Pa. 483, 189 A. 2d 882 (1963). The action of the court below is fully supported by the record, by reason, and by the prior decisions of this Court. Had the court failed to grant a new trial, this Court would have been compelled to do so.

Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

The narrow issue before us, as the majority agree, is whether the reference to insurance in the closing argument by the attorney for the plaintiff is so prejudicial to the defendant as to warrant the granting of a new trial.

Counsel for appellant, in his closing argument to the jury, made certain remarks as noted on the record and excepted to by counsel for appellee as follows: "Counsel for the Plaintiff told the jury that there were two items that the Jury often questioned counsel about, not excluding or including Plaintiff's Counsel in this case. Number one, that we were not allowed to tell Jurors the sum of money that the Plaintiff

wanted, because the law wisely believes that to do so may prejudice the Jury and that is one of the reasons we may not speak about it. Secondly, I told the Jury that Jurors often asked Trial Counsel why insurance is not mentioned, or if available, why the amount of the insurance is not given to the Jury, and Trial Counsel stated that it was unimportant whether a Defendant was insured or not, rich or poor, that the law expected the Jury to arrive at a verdict not based upon any factor which might prejudice them or allow them to give a verdict not in accordance with the evidence, but in no case did I mention whether or not this particular Defendant had insurance".

The foregoing is a correct statement of the law. Many times, intelligent jurors wonder why the amount demanded by the plaintiff, and whether the defendant is insured, is not mentioned. When they are told by counsel or the court in proper language, the jury is aided rather than confused by irrelevancies which may lurk in their minds when they do not know the reason for the rule.

The cases cited in the majority opinion clearly set forth the law of this Commonwealth and the reason for prohibiting the matter of insurance of the parties being submitted for consideration by the jury. The majority opinion has improperly applied the well-established principle. There was no improper attempt to inject insurance in this case. The jury could not know whether the defendant was insured or not, and to have the jury told that it should not consider insurance was certainly not reversible error. The order of the court below should be reversed and the verdict reinstated.

Mr. Justice MUSMANNO and Mr. Justice COHEN join in this dissenting opinion.