Brown *v.* McLean Trucking Company, Appellant.

428

Argued January 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James R. Koller,* with him *Siegrist, Koller and Siegrist,* for appellant.

*Allen H. Krause,* for appellee.

OPINION BY MR. JUSTICE POMEROY, May 9, 1969:

At around 8:00 P.M. on the evening of December 25, 1964, plaintiff was driving his automobile in a westerly direction on Route 22 in Lebanon County. The highway at this point is a 4-lane highway, 2 lanes for westbound and 2 for eastbound traffic. Intending to

make a left turn at an opening in the medial divider guardrail so as to reverse his direction, Brown moved from the right lane to the left, or passing lane and brought his car to a stop in order to await the passage of oncoming traffic in the eastbound lanes.

While plaintiff was so stopped to await an opportunity to complete the left-hand turn, the rear of his vehicle was struck by a tractor-trailer traveling west. At the time of impact, the tractor-trailer owned by McLean Trucking Company, the defendant, was in the process of passing a passenger car, with trailer attached, likewise traveling west, but in the right-hand lane. The road was wet from an earlier rain. Witnesses gave conflicting testimony as to visibility on the highway.

Plaintiff sued for personal injuries and damage to his automobile, and defendant counterclaimed for damage to its rig. The jury found a verdict for plaintiff, both in plaintiff's suit and in defendant's counterclaim. The court below denied defendant's motion for a new trial. From a judgment entered on the verdict, this appeal was taken.

The appellant argues that the verdict was against the clear weight of the evidence, and that the trial court abused its discretion in denying the motion for a new trial on this ground. The testimony was seriously in conflict. The jury could have found for the defendant either on the ground of no negligence on the part of the defendant or the existence of contributory negligence on the part of the plaintiff. This Court, however, will not reverse unless there has been a palpable abuse of discretion by the trial judge. See *Hummel v. Womeldorf*, 426 Pa. 460, 464, 233 A. 2d 215 (1967), *Kiser v. Schlosser*, 389 Pa. 131, 132, 132 A. 2d 344 (1957). Palpable abuse occurs, inter alia, when the trial judge permits a verdict to stand although it is

"so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail". *Jones v. Williams*, 358 Pa. 559, 564, 58 A. 2d 57 (1948), *Londrino v. Equitable Life Assurance Society of the United States*, 377 Pa. 543, 545, 105 A. 2d 333 (1954), *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 471, 175 A. 2d 864 (1961), and *Clewell v. Pummer*, 388 Pa. 592, 598, 131 A. 2d 375 (1957). A careful review of the record convinces us that there was no such abuse in the case at bar.

An error is alleged in the court's charge to the jury which is said to be so prejudicial as to warrant a new trial. At one point, in discussing the general question of speed as related to negligence, the trial judge stated: "For example, every time it rains, you should adjust your speed according to the surface of the highway. It should be lower than the posted speed limit." A review of the charge reveals, in our judgment, that the court intended this statement as indicating but one of several factors to be considered in arriving at a determination of negligence. The court framed the quoted statement concerning the speed of the vehicle merely as an example as to what the jury can take into account in determining whether a course of conduct on the highway met the standard of a reasonable and prudent person. Standing alone and taken literally, the comment is not an accurate statement of the law. But it cannot be so isolated and taken out of context. The charge, viewed as a whole, was entirely within the bounds of propriety and the quoted statement was neither prejudicial nor misleading when viewed as but part of the whole. *DeMichiei v. Holfelder*, 410 Pa. 483, 486, 189 A. 2d 882 (1963).

The appellant contends, finally, that the court was mistaken when, in its opinion refusing the motion for

a new trial, it said: "There is no serious contention in this case that the defendant was not negligent. Nowhere in defendant's brief is it so submitted. Defendant's whole case is bottomed on the contention that the plaintiff was guilty of contributory negligence."

This statement, according to the appellant, was not only in error, but indicates an abuse of judicial discretion in failing to recognize and consider one of the basic contentions of the appellant. If the quoted observation in the opinion of the court was mistaken, and the defendant did indeed contend that it was not negligent, we fail to see the harm to the defendant. It appears from the court's charge to the jury that he gave adequate attention to the issues of the truck driver's negligence, on the one hand, and the plaintiff's contributory negligence on the other; to the necessity of proving negligence on the part of the driver of the tractor-trailer, and a concurring lack of negligence on the part of the plaintiff, if plaintiff is to recover. The plaintiff presented evidence from which the jury could and presumably did find negligence on the part of the defendant. The trial judge's quoted statement in his opinion merely reflects his impression that the defendant's best argument on the weight of the evidence question was with respect to the contributory negligence issue and not the issue of its driver's negligence.

We find no merit in the assignments of error. Judgment affirmed.