## Broennle v. Stitt

*Edward J. Steiner,* for plaintiff.
*B. Albert Bertocchi,* for defendant.

GRAFF, P. J., October 30, 1969.—Plaintiff instituted this action in trespass seeking to recover dam-

ages because of the alleged negligence of defendant. Interrogatories were filed by plaintiff to defendant, asking her to state the name of any insurance liability carrier which she might have and the limits of said liability. Objections were filed to such interrogatories. This matter now comes before us upon such objections.

The accident out of which the present suit originated happened upon August 3, 1967. It was a rear end collision in which, according to the averments in the complaint, plaintiff was seriously injured. The special damages amount to approximately $3,000. There is a decided conflict in the opinions of the various courts as to whether a plaintiff has a right to know whether there is liability insurance and the amount thereof, prior to the time any judgment has been obtained in his favor. No appellate court decision has been rendered upon this subject in this State. The appellate courts in the various States of the Union are in disagreement. According to an article of the Tennessee Law Review in 1967, the appellate courts in 16 States refused to compel disclosure as against 7 that have required it. The lower courts in this State are in disagreement. In Mercer County, Centre County and in the opinion of one judge in Philadelphia County, to wit, Wakesman v. Walker, 44 D. & C. 2d 1, the courts have required disclosure. However, in Philadelphia County two recorded decisions are against disclosure, to wit, in Toogood v. Watkins, 46 D. & C. 2d 365, and Cipparone v. Kosloski, 46 D. & C. 2d 628. In the Federal District Courts of this State the judges are in disagreement. In the Eastern District disclosure was refused, in the Central District disclosure was permitted, and in the Western District Judge Gourley decided that disclosure was a matter to be determined in the particular case under consideration.

The right to discovery must be determined by a consideration of the Pennsylvania Rules of Civil Procedure. These rules are 4005, 4007, 4011 and 4020. Rule 4007(a), inter alia, provides as follows:

"Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and which will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

It has been decided by the Supreme Court of this State that mere mention of insurance coverage at the time of the trial of a cause is so prejudicial as to cause a mistrial: Trimble v. Merloe, 413 Pa. 408.

It is thus apparent that the matter of insurance in a particular case cannot be used in any manner at the trial of the case. We now inquire as to whether insurance is relevant and will substantially aid in the preparation of the pleadings or preparation for trial of the case. Since it cannot be introduced in evidence, it is clearly not relevant at the time of the trial. In the decided and recorded cases in this state it has been argued that insurance coverage and the amount of the same materially aid in the settlement of cases. This argument works both ways. If there is a low limit in the insurance policy it will tend to bring about a settlement in a lesser amount than that which could be justified, particularly if defendant has no independent assets from which a judgment could be satisfied. On the other hand, if the coverage is large in amount it would tend to deter a settlement for the reason that plaintiff knows that a large verdict could be collected under the insurance coverage. It seems logical to us that there should be as much right in a plaintiff under the discovery rules to obtain knowledge of the assets of a defendant as to obtain knowledge of insurance and its amount. No one seriously contends that such

a right exists prior to the obtaining of judgment. Our rules require three elements for divulgence: (1) that the topic be unprivileged; (2) that it be relevant to the subject of the suit; and (3) that it be of aid in subsequent proceedings. Insurance is inadmissible in evidence at the trial. In preparing the pleadings insurance can be of no aid, and the same thing applies to the preparation for trial. Counsel who accepts a case for a plaintiff is bound to use all proper diligence in the preparation regardless of the amount which may be recovered in a judgment. If discovery is permitted it must be obtained under the Rules of Civil Procedure hereinbefore mentioned. After a most careful consideration of such rules and the various opinions of the courts upon this subject, we are led to the conclusion that the objections must be sustained and discovery refused.

### ORDER

And now, October 30, 1969, the objections to the interrogatories are sustained, and the same dismissed.