## Taddeo et al. *v.* Homa, Appellant.

Argued October 1, 1970. Before BELL, C. J., JONES, EAGEN, O'BRIEN and POMEROY, JJ.

*William C. Walker,* with him *Walter F. Mauersberg,* and *Dickie, McCamey & Chilcote,* for appellant.

*James J. Flaherty,* with him *Flaherty and Bloch,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 19, 1970:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County granting plaintiffs' motion for a new trial. Janet Taddeo and Franklin Taddeo, her husband, instituted a suit in trespass against Stanley Homa, the original defendant, to recover damages for personal injuries sustained in an automobile collision. Homa joined as additional defendants Homer C. King and Franklin A. Taddeo. Additional defendant King then filed a counterclaim against Homa.

The jury returned a verdict in favor of Janet Taddeo against her husband, Franklin, and in favor of the original defendant, Homa, in the counterclaim brought by the additional defendant King. It also found in favor of Homa in the claim brought by the husband, Franklin A. Taddeo. *Thus, the jury placed the entire blame for the accident on Franklin A. Taddeo and exculpated Homa from any responsibility.* The trial Judge found the verdict *"incomprehensible"* and Homa's testimony *"inherently incredible,"* and granted a new trial

as to all the parties. From this decision, Homa appeals.

Appellant Homa contends that the trial Court erred in assuming negligence on his part and hence abused its discretion in granting a new trial. Homa further contends that even if it were conceded that the Court was correct in assuming his negligence, it still abused its discretion in granting a new trial as to all the parties, since the jury's finding of negligence on the part of Franklin Taddeo should preclude the grant of a new trial as to him.

The power of a lower Court to grant a new trial where the evidence was conflicting has been frequently and variously expressed. See *Burrell v. Philadelphia Electric Company,* 438 Pa. 286, 289, 265 A. 2d 516; *Carroll v. Pittsburgh,* 368 Pa. 436, 445-6, 84 A. 2d 505; *Jones v. Williams,* 358 Pa. 559, 564, 58 A. 2d 57; *Brown v. McLean Trucking Co.,* 434 Pa. 427, 429-30, 256 A. 2d 606; *Austin v. Ridge,* 435 Pa. 1, 255 A. 2d 123; *Green v. Johnson,* 424 Pa. 296, 300, 227 A. 2d 644. However, expressed, the test on appeal is whether the lower Court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. *Cwiakala v. Paal,* 427 Pa. 322, 235 A. 2d 145; *Zeman v. Canonsburg Boro,* 423 Pa. 450, 223 A. 2d 728; *Amon v. Shemaka,* 419 Pa. 314, 214 A. 2d 238; *Trimble v. Merloe,* 413 Pa. 408, 197 A. 2d 457; *DeMichiei v. Holfelder,* 410 Pa. 483, 189 A. 2d 882; *Sternberg v. Dixon,* 411 Pa. 543, 192 A. 2d 359; *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 175 A. 2d 864; *Clewell v. Pummer,* 388 Pa. 592, 598, 131 A. 2d 375.

We have carefully reviewed not only all the conflicting testimony, but also the record and the Opinion of the lower Court and all the pertinent authorities. It will suffice to say that we find no clear abuse of discretion or error of law.

Order granting a new trial affirmed.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN and Mr. Justice ROBERTS took no part in the consideration or decision of this case.