WILLIAMS, P. J.,
— This suit arises out of a motor vehicle accident which resulted in the death of plaintiff’s decedent. Plaintiff filed written interrogatories pursuant to Pennsylvania Rule of Civil Procedure #4005 which seek to require defendant to reveal (1) whether she had public liability insurance coverage, and (2) the limits of such coverage.
Defendant has filed objections to both interrogatories. The issue before the court is whether defendant may be required to state whether there is coverage and the name and address of the carrier and the limits of coverage.
The pertinent Pennsylvania Rules of Civil Procedure are 4005 and 4007. Rule 4005 provides that interrogatories may relate to any matters which can be inquired into under rule 4007. Rule 4007 states that a deponent may be examined regarding any matter not privileged which is relevant to the subject matter involved in the action and will substantially aid in the preparation or trial of the case. It further states that no discovery or inspection shall be permitted which is prohibited by rule 4011.
May defendant be required to disclose whether he is, in fact, insured?
The test under the Pennsylvania Civil Procedural Rules is whether the information sought is privileged and whether it is relevant to the subject matter involved in the action and will substantially aid in the preparation or trial of the case.
We do not find that disclosure of an insurance contract violates any right of privilege possessed *665 either by the party defendant or his insurer. By the terms of the policy, the insurer is required to defend any suit against the assured and has the right to investigate, negotiate and settle the claim on which the suit is based. It is difficult to see how the insurance company could fulfill its obligations under its policy without revealing the existence of the insurance contract. It has the duty to use good faith in effecting settlement within the limits of the policy and, if it exercises bad faith, is negligent in its investigation of the accident or unreasonably refuses an offer of settlement, it may be held hable to the insured for the entire amount of the judgment secured against the insured. See Gray, Appellant, v. Nationwide Mutual Insurance Company, 422 Pa. 500.
We likewise find that the fact of the existence of insurance coverage is relevant to the subject matter and would substantially aid in the preparation and trial of the case. The Uninsured Motorist Coverage Act of August 14, 1963, P. L. 909, 40 PS §2000, provides that all motor vehicle liability insurance policies delivered or issued in Pennsylvania shall provide coverage for uninsured motor vehicles unless expressly rejected in writing. The regulations of the Pennsylvania Department of Insurance (Regulation 14, Chapter No. 1, Form No. 1) require any dispute under this act to be submitted to arbitration. Unless plaintiff is aware of the existence or nonexistence of insurance coverage, he is unable to determine whether his remedy lies in proceeding for arbitration under the uninsured motor coverage law or entering a civil suit in trespass.
The insurance carrier, by the terms of its policy, controls the trial preparation of the case. It determines what counsel shall defend the suit and the trial diplomacy, as well as settlement. It is plaintiff’s *666 real adversary. Without disclosure of the existence of a liability insurance coverage, the real identity of plaintiff’s adversary could be hidden from her.
It is standard practice of an insurance investigator to interview an injured party prior to suit and prior to such party’s retention of counsel. A written statement is frequently taken and used adversely against plaintiff both for trial and settlement purposes. Plaintiff’s counsel cannot adequately prepare for trial without knowing who took the statement, the purpose for taking it and its contents. We find that it would substantially aid plaintiff in the preparation of trial to know if a liability policy does exist and the name and address of the carrier.
May an insurance carrier be required to disclose the limits of coverage provided by the insurance contract?
This issue has never been resolved at the Pennsylvania appellate court level. It has been before the county courts with some frequency with diverse conclusions. The opinions which have allowed disclosure stress that to so do will aid in settlements and reduce the congested caseload. A typical case so holding is that of Waksman v. Walker, 44 D. & C. 2d 1 (1968), where Judge Ullman stated:
“. . . we prefer that the basis of our decision be a frank recognition of both the validity and legitimacy of our conclusion that the compulsory disclosure of insurance coverage will aid in cutting into the backlog of cases which jam our dockets.”
Judge Stranahan, in McDonald v. Gross, 47 D. & C. 2d 68, 72 (1969), points out that the Mercer County court established the rule allowing disclosure until the appellate court, by decision or rule, established the law for the entire Commonwealth. He then said:
“Admittedly, the ruling of the local court is one *667 based on practicality and was brought about by the need to expedite the trial of trespass cases. It is the opinion of this court that the divulgence of insurance coverage in a trespass case materially aids in the preparation of the case by plaintiff and encourages both plaintiff and defendant to make a realistic appraisal of the value of their case, and to effect a settlement more readily than would be the case if such disclosure is not required.”
The courts are in disagreement as to whether disclosure of insurance coverage facilitates settlements. In Waksman v. Walker, supra, and McDonald v. Gross, supra, the courts so decided. However, in Broennle v. Stitt, 47 D. & C. 2d 644 (1969), and Toogood v. Watkins, Jr., 46 D. & C. 2d 365 (1969), where disclosure was denied, a contrary conclusion was reached where the injuries were serious and the insurance carrier had a high exposure.
Even if disclosure would serve to produce settlements and reduce the caseload, we are still confronted with the problem whether these reasons satisfy the requirements of rules 4005 and 4007.
In determining this issue, it is necessary to consider the basic issues in any tort proceeding because these issues determine the boundaries of what is required by way of preparation of pleadings, preparation for trial and what evidence is to be produced at trial. The Supreme Court, in Trimble v. Merloe, 413 Pa. 408, 410 (1964), has defined these issues in this language:
“In this and every adversary tort proceeding, two basic issues are presented: (1) liability and (2) the damages to be awarded as compensation for the wrongful invasion of plaintiff’s rights. In resolving these issues (in the absence of punitive damages), consideration of the affluence of the defendant, his ability to pay, or his liability insurance coverage *668 is improper, irrelevant, prejudicial and clearly beyond the legally established boundaries.”
Since the fact of liability insurance is not admissible at trial, it is obvious that disclosure of coverage would not aid plaintiff at trial. Disclosure of coverage would in no manner aid plaintiff in preparation of pleadings. The remaining question is whether it would substantially aid her in the preparation of the case for trial. We do not see that it would. As has been pointed out, the basic issues in a tort proceeding are liability and damages. Plaintiff is entitled to just compensation for the injury sustained. Just compensation is totally unrelated to the amount of liability coverage held by defendant. The sum of money, if liability is established, which will justly compensate plaintiff, must be determined by evidence wholly independent of the amount of the insurance coverage. It is the historic position of our courts that disclosure to a jury of the fact that liability insurance exists may produce an unconscionable award of damages. If the mere knowledge of the existence of liability is, under the law, a threat against a fair trial, to require such disclosure may hinder rather than expedite fair and reasonable settlements.
We agree with the statement of the Supreme Court of Oklahoma in Carman v. Fishel, 418 P. 2d 963, 974 (1966):
“We have in mind the natural, human temptation that would confront the plaintiff if she knew, for example, that the policy limits were $100,000, to ‘evaluate’ her claim for personal injuries for settlement discussions based on this amount, rather than upon a reasonable and careful analysis of her actual damages and compensable loss. Would the knowledge *669 of how much money is available to pay plaintiff cause a departure from the real purpose of the suit, i.e., to fully and adequately compensate the plaintiff her damages?”
Assuming that the disclosure of insurance does, in fact, facilitate settlements, that fact alone would not warrant disclosure. We must find authority in the pertinent rules to do so. In this connection, like Judge Sporkin, in Toogood v. Watkins, Jr., supra, we are impressed with the language of the Minnesota Supreme Court in Jeppesen v. Swanson, 243 Minn. 547, 562, 68 N.W. 2d 649, 658 (1955):
“Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or is not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits without trial, however desirable that may be from the standpoint of relieving congested calendars, be permitted to cause us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go. If, perchance, we have the power under the enabling act to extend the discovery rules to permit discovery of information desired for the sole purpose of encouraging or assisting in negotiations for settlement of tort claims, it would be far better to amend the rules so as to state what may and what may not be done in that field than to stretch the present discovery rules so as to accomplish something which the language of the rules does not permit.”
After careful study of all the available decisions relating to the issue here presented, we conclude that to compel disclosure of the limits of an insurance liability policy would constitute an unwarranted judicial extension of rules 4005, 4007 and 4011.
*670 ORDER
And now, May 21, 1971, defendant’s objection to plaintiff’s interrogatory 1 and 1(a) is dismissed; defendant’s objection to plaintiff’s interrogatory 1(b) is sustained. It is further ordered that defendant’s objection to plaintiff’s interrogatory 2 and 2(a) is dismissed; defendant’s objection to plaintiff’s interrogatory 2(b) is sustained.