### Levin et vir, Appellants, *v.* Sears, Roebuck & Company.

Argued March 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph G. Feldman,* with him *Harry Norman Ball,* and *Feldman and Feldman,* for plaintiffs, appellants.

*Robert Keller,* with him *Goushian, Mooradian & Goldsmith,* for defendant, appellee.

*Hebert F. Holmes, Jr.,* for additional defendants.

OPINION PER CURIAM, June 22, 1971:

This action in trespass arose out of an automobile accident occurring on the morning of November 24, 1965 at the intersection of Aramingo Avenue and Wheatsheaf Lane in Philadelphia. The plaintiff-appellants were driving south on Aramingo Avenue while the defendant-appellee's vehicle was traveling east on Wheatsheaf Lane. Defendant-appellee's tractor apparently was attempting to make a left-hand turn onto Aramingo Avenue when the accident occurred. At trial, the plaintiff-appellants claimed that their view of Wheatsheaf Lane was obstructed by a truck parked on the west curb of Aramingo Avenue. The jury returned a verdict in favor of defendant-appellee. Appellants' motions for a new trial were denied and this appeal followed.

Initially appellants argue that the verdict is against the weight of the evidence. In this regard it should be

noted that the jury was required to resolve difficult questions of credibility and that there were serious conflicts in the testimony elicited at trial including the crucial question of which party had a red light at the time the accident occurred. The trial court found no error requiring a new trial. Where a trial judge has decided that a new trial is not warranted, this Court will not reverse such a determination "unless there has been a palpable abuse of discretion . . . ." *Brown v. McLean Trucking Co.*, 434 Pa. 427, 429, 256 A. 2d 606, 607 (1969). A careful review of the record has convinced us that there has been no such abuse in the instant case.

Appellants also allege that the trial court made a number of errors in its charge to the jury. The only one of these allegations which we feel has any possible merit is the contention that it was prejudicial error, requiring a new trial, for the court, in its discussion of contributory negligence, to charge that "[w]here there is an impediment to vision, all the more should the person, before he enters the intersection, use the care of a reasonable person to see if it is safe for him to enter the intersection." It is contended that this portion of the charge placed a much higher burden on the plaintiff-appellants than the law requires.

In reviewing a charge to the jury the law of Pennsylvania requires an appellate court to consider the charge as a whole. *Brown v. McLean Trucking Co.*, supra at 430, 256 A. 2d at 607; *DeMichiei v. Holfelder*, 410 Pa. 483, 189 A. 2d 882 (1963). A review of the entire charge given to the jury in the instant case clearly shows that the trial court repeatedly and correctly emphasized that the plaintiff was only required to use such care as a prudent man would exercise under the circumstances. Even if the above quoted sentence were error, in the context of the entire charge, it

does not constitute the "basic, fundamental and preju-
dicial error" necessary to justify a new trial. *DeMi-
chiei v. Holfelder,* supra; *Segriff v. Johnson,* 402 Pa.
109, 113, 166 A. 2d 496, 499 (1960).

Finally, appellant contends that the court improper-
ly answered the jury's request for additional instruc-
tions. The jury returned for additional instructions
apparently due to confusion created by the fact that
both plaintiff-appellants had been brought in as addi-
tional defendants by appellee. The reason for this was
initial uncertainty as to who was driving the automo-
bile in which both plaintiff-appellants were riding at
the time of the accident.

While the trial judge could have been more patient
with the jury and counsel for appellants, we believe
that the jury returned to deliberate clearly understand-
ing that they could award recovery against whomever
they found was responsible for the accident. It also
seems clear that the jury knew that they could find
against one or both of the operators of the motor vehi-
cles involved in the accident. We thus do not believe
that there was reversible error here.

This Court has carefully considered the above alle-
gations of error as well as additional assignments of
error made by appellant, and we find that none merit
the granting of a new trial. We thus affirm the deci-
sion of the lower court.