## Michael v. Vanbilliard

[redacted]

*Morris Mindlin,* for plaintiff.

*Robert A. Freedberg and Sigmon, Briody, Littner & Ross,* for defendants.

WIEAND, J., July 27, 1971.—That controversial issue which divides the trial courts of this State, the Federal courts, and the appellate courts of other jurisdictions* has now been presented to the courts of Lehigh County for determination. Shall defendant, in response to plaintiff's interrogatories filed for purposes of discovery, be compelled to disclose the existence and extent of her insurance coverage?

This action in trespass was instituted to recover damages for personal injuries sustained by minor plaintiff when the motorcycle being operated by him collided with a vehicle which allegedly was being operated negligently by Linda Lee VanBilliard, agent of Janet Takacs. Interrogatories filed by plaintiff under Pennsylvania Rule of Civil Procedures 4005 inquire concerning the existence of a policy of liability insurance covering the Takacs vehicle, the limits of liability thereof, whether the policy contains medical payments coverage, and whether the insurer has at any time denied coverage. Janet Takacs has filed objections to these interrogatories.

---

*See: 13 A.L.R. 3d 822

Pennsylvania Rule of Civil Procedure 4005, which authorizes written interrogatories for discovery purposes, provides in subsection (c) that "Interrogatories may relate to any matters which can be inquired into under Rule 4007. . . ." Pa. R.C.P. 4007(a), in addition to discovery of the identity and whereabouts of witnesses, permits examination "regarding any matter, not privileged, *which is relevant to the subject matter involved in the action* and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." (Italics supplied.)

Those trial courts which have allowed discovery of defendant's insurance coverage have, to a large extent, ignored the limitation upon discovery imposed by the requirement of relevancy and have relied upon a commendable desire to reduce court congestion by promoting settlements prior to trial. See Waksman v. Walker, 44 D. & C. 2d 1; Groce v. Hile, 46 D. & C. 2d 89; Berek v. Smock, 46 D. & C. 2d 221; Dashem v. Morehead, 46 D. & C. 2d 563; Harrison v. Nichols, 57 Del. Rep. 332, 49 D. & C. 2d 217; Muschar v. University and City Ministries, 118 Pitts. L. J. 409; or the discoverability of the same information under the Federal rules. See Horner v. Wallace, 51 D. & C. 2d 1.

Those courts that have refused to permit discovery of defendant's policy limits have done so on the grounds that such information is not relevant and because prior to judgment the financial assets of a defendant are privileged: Howell v. Spatz, 14 D. & C. 2d 295; Cipparone v. Kosloski, 46 D. & C. 2d 628; Toogood v. Watkins, 46 D. & C. 2d 365; Broennle v. Stitt, 47 D. & C. 2d 644; Sperath v. Thomas, 48 D. & C. 2d 309; Little v. Sebastian, 50 D. & C. 2d 761.

In our judgment, the existence and extent of defendant's insurance coverage are clearly not relevant

to the subject matter of an action in trespass. Such information has no bearing whatsoever upon the issues of liability or the extent of damages sustained. Not only is the existence of insurance coverage irrelevant, but the mere mention of insurance coverage during trial is so prejudicial as to be cause for mistrial: Trimble v. Merloe, 413 Pa. 408, 410; Kaplan et al. v. Loev, 327 Pa. 465, 468-69; Lenahan v. Pittston Coal Mining Co., 221 Pa. 626, 629.

Following a scholarly and exhaustive review of the authorities, Judge Sporkin, of Philadelphia County, concluded in Toogood v. Watkins, supra, at pages 387 and 388: "From the standpoint of logic, the arguments are overwhelmingly against discovery. The fact of insurance is inadmissible in evidence. . . . Nor can it be deemed relevant to the issues in the case, except by stretching 'relevant' and 'issues' far beyond their inherent meanings. Nor is it necessary to the drafting of pleadings, or to preparation for trial, or to the conducting of the trial; indeed, at the trial its disclosure to a jury would cause a mistrial. Until the rendition of a judgment for the plaintiff, it is privileged information, just as are the existence and extent of other assets. . . .

". . . The (discovery) rules are clear and unambiguous; their purpose is completely definite; it is to yield discovery of relevent and unprivileged information; it most certainly is not to promote settlements. To use the rules for the fostering of compromises is to wrench them out of semblance to their intent. Encouraging settlements undoubtedly is a worthy enterprise, and one to which we subscribe wholeheartedly; . . . but there are fully proper ways to conduct that enterprise, and twisting the discovery rules is not one of them. If it be the wish of the courts

in any jurisdiction that insurance coverage become a subject of discovery, they should take the direct step of amending the rules clearly and specifically to that end. They should not seek to accomplish their wish by indirection and by an illogical misapplication of the existing discovery rules."

In another well reasoned opinion, Judge Gates, of Lebanon County, in Little v. Sebastian, supra, discussed the arguments advanced in favor of the discovery of insurance coverage and concluded, at page 766: "None of these purposes (for discovery) includes the promotion of settlements or the relief of court congestion. None of them include as a purpose the encouragement of counsel to spend more time and money in cases where there is the likelihood of a greater recovery. Nowhere in the rules is this type of discovery explicitly stated. To read the requirement into the discovery rules would be legislating and not interpreting."

The foregoing excerpts from opinions by the courts in Philadelphia and Lebanon Counties represent the view of this court. We hold, therefore, that existing rules pertaining to discovery do not properly permit the court to compel defendant in a trespass action to disclose the existence of or the amount and type of coverage provided by a defendant's policy of liability insurance. The objection of Janet Takacs to interrogatories framed by plaintiff to discover such information will be sustained.

## ORDER

Now, July 27, 1971, it is ordered that the objections filed by Janet Takacs to plaintiff's interrogatories of May 25, 1971, be and the same are hereby sustained.