575 A.2d 579

**Melvin LEVINE and Fay Levine, Appellants,**

v.

**Marvin I. ROSEN, M.D., Appellee.**

Superior Court of Pennsylvania.

Argued March 20, 1990.

Filed April 27, 1990.

Reargument Denied June 25, 1990.

Charles S. Lieberman, Philadelphia, for appellants.

Audrey L. Jacobsen, Philadelphia, for appellee.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Appellants Melvin and Fay Levine, plaintiffs below, appeal a judgment in favor of defendant, Dr. Martin Rosen, in this medical malpractice action. Appellants object to three points of the jury charge: the instructions regarding con-

tributory negligence, irrelevant considerations, and the "two schools of thought" doctrine. We find that the trial court did not abuse its discretion in charging the jury with respect to contributory negligence; however, we find that the other two instructions were erroneous. We reverse the judgment and remand for a new trial.

Appellee is a doctor who practices obstetrics and gynecology. Appellant Fay Levine was his patient from the early 1960's until the early 1980's. In July 1980, Mrs. Levine visited appellee. Appellee's records indicate that this was a routine visit and that Mrs. Levine had no gynecologic complaints; however, Mrs. Levine testified that she visited him because she was concerned about a sudden inversion and discoloration of her right nipple. Appellee examined Mrs. Levine and found nothing wrong with her. He did not recommend any further testing. Mrs. Levine visited appellee again in October 1981. Again, the visit was listed as routine. Appellee found nothing abnormal and did not order testing.

In December 1981, Mrs. Levine had mammography performed on her own initiative. The mammogram revealed a mass in the breast. A biopsy confirmed the presence of a small malignant tumor. In January 1982, Mrs. Levine underwent radical mastectomy. Upon pathology, her condition was diagnosed as infiltrating ductal adenocardinoma with metastasis to four out of twenty-four lymph nodes.

Appellants filed this medical malpractice action, alleging that appellee negligently failed to order the necessary tests and negligently failed to detect the cancer. The case was tried before a jury. In its charge to the jury, the trial court gave instructions regarding contributory negligence, the "two schools of thought" doctrine, and irrelevant considerations. Upon appellee's objection, the trial court recalled the jury and altered the irrelevant considerations instruction to reflect recent changes in federal law. After deliberation, the jury found that appellee was not negligent. The trial court entered judgment in favor of appellee/defendant. This appeal followed.

 1. Appellants assert that a charge regarding contributory negligence was inappropriate, because there was no evidence presented regarding contributory negligence. We disagree. When there is any evidence of contributory negligence, the trial court must instruct the jury appropriately, no matter how strong the evidence to the contrary may be. *McCullough v. Monroeville Home Assn.*, 270 Pa.Super. 428, 411 A.2d 794 (1979).

In the present case, a few facts were presented which suggested contributory negligence. According to appellee's records, Mrs. Levine did not report her symptoms to her doctor. The record also shows that Mrs. Levine frequently scheduled mammography without appellee's prompting. Although this evidence is minimal, it is sufficient to justify a charge regarding contributory negligence. Accordingly, the trial court did not err in giving this instruction.

 2. Appellants also assert that the trial court erred in telling the jury about a federal law requiring reporting of judgments. We agree.

In the course of instructing the jury, the trial court gave the standard instruction regarding irrelevant considerations.[1] Defense counsel objected, noting that federal law has changed since the standard instruction was approved. Under current federal law, the outcome of this case might have some effect on appellee's ability to practice his profession.[2] The trial court, noting that federal law is supreme,

1. The court charged:
 Now, medical malpractice cases are civil actions for damages and nothing more. The sole issue is whether the plaintiff has suffered injuries as a result of the defendant's negligence, and is thus entitled to monetary compensation for those injuries.
 This case does not involve punishment of the defendant or even criticism of his professional abilities beyond the fact of this matter.
 The claim does not involve the defendant's reputation, his medical practice or his rights as a licensed physician. Therefore, no thought should be given to these irrelevant considerations in reaching a verdict in this case.
 N.T. 10/26/88 at 67.

2. The Federal Law Health Care Quality Improvement Act of 1986, 42 U.S.C.A. §§ 11101, 11131 and 11134, require a doctor to report any

recalled the jury and instructed them regarding this change in federal law.

The trial court erred in correcting its charge. The corrected charge was an accurate statement of federal law; however, it undermined the irrelevant considerations instruction. The change in federal law is entirely irrelevant to the merits of this medical malpractice action. It has no bearing on appellee's negligence or liability.

The additional charge may have induced the jury to consider matters which were irrelevant to the merits of this action. This constituted a fundamental error in the instructions. These irrelevant considerations may have contributed to the verdict. Accordingly, we must reverse the judgment of the trial court and remand for an new trial. See, *e.g. Jones v. Montefiore Hospital,* 494 Pa. 410, 419, 431 A.2d 920, 925 (1981).

■ 3. Although the previous issue disposes of this appeal, we will address the merits of the final issue for the trial court's guidance on remand. Appellants argue that the trial court erred in instructing the jury with regard to the "two schools of thought" doctrine. We find that the instruction was not entirely accurate. The instruction should be modified on remand.

The "two schools of thought" doctrine provides that a doctor will not be liable for medical malpractice if he follows a course of treatment supported by reputable, respected, and reasonable medical experts. *Furey v. Thomas Jefferson University Hospital,* 325 Pa.Super. 212, 472 A.2d 1083 (1984). A lay jury cannot decide which medical procedure is appropriate where reasonable medical professionals differ. *Trent v. Trotman,* 352 Pa.Super. 490, 508 A.2d 580 (1986).

Recent cases have limited the applicability of the "two schools of thought" doctrine. In *Morganstein v. House,*

payment made in settlement or satisfaction of a medical malpractice claim. This information is generally confidential, but can be made available to hospitals under certain conditions.

377 Pa.Super. 512, 547 A.2d 1180 (1988), this Court held that a "two schools of thought" instruction was not appropriate where the negligence alleged was failure to diagnose the patient's unstable angina. All doctors agreed on the appropriate treatment of unstable angina, but they disagreed on whether the patient's symptoms and EKG readings disclosed the illness. Similarly, in *D'Angelis v. Zakuto*, 383 Pa.Super. 65, 556 A.2d 431 (1989), this Court held that the "two schools of thought" instruction was not appropriate where the negligence alleged was failure to diagnose pneumonia. Experts did not disagree on the proper treatment, but only on whether the defendant should have recognized the illness.

In the present case, there are two possible sources of negligence: the doctor's failure to perform a routine, yearly mammogram, and the doctor's failure to recognize symptoms of breast cancer. Under *Morganstein* and *D'Angelis*, the former supports a "two schools of thought" instruction; the latter does not.

The evidence shows that reasonable, reputable medical experts do not agree on how often routine mammograms should be performed. The American Cancer Society recommends yearly mammography, while the American College of Obstetricians and Gynecologists recommends "regular" mammography without specifying frequency. If the evidence supports a conclusion that the doctor's only negligence was failure to perform a routine mammogram, then the two schools of thought instruction is appropriate.

On the contrary, if the evidence of negligence relates only to the doctor's failure to recognize the patient's symptoms and order further testing, then an instruction on two schools of thought is not appropriate. If the evidence potentially supports either conclusion, then the trial court should instruct the jury regarding two schools of thought, but should make this distinction clear in its instructions. The two schools of thought doctrine does not relieve a

doctor from liability for failure to recognize symptoms of an illness.

Judgment reversed and remanded for a new trial in accordance with this opinion. Jurisdiction is relinquished.