735 A.2d 668

**Deborah L. PRICE and Harry F. Price, Appellants,**

**v.**

**Anthony B. GUY and Thomas R. Stine, Appellees.**

Supreme Court of Pennsylvania.

Argued Nov. 17, 1998.

Decided July 23, 1999.

Jeffrey W. Stover, Bellefonte, for Deborah & Harry Price.

Daniel McGee, State College, for Anthony Guy.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

This Court granted allocatur in order to determine whether, in a negligence action, a trial court may inform the jury that the plaintiffs elected the limited tort option in a motor vehicle insurance policy and that such election resulted in their paying lower premiums. For the reasons that follow, we find that the trial court committed an error of law in instructing the jury regarding this information, and that appellants suffered prejudice as a result of this error. Accordingly, we reverse the Superior Court's affirmance of the trial court's judgment.

On July 29, 1992, appellant, Deborah L. Price, suffered soft tissue injury as well as a partially herniated disc, necessitating medical treatment for over a two-year period, as a result of a

motor vehicle accident. Prior to the accident, appellant and her husband ("appellants") elected motor vehicle insurance coverage under the limited tort option of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§ 1701 *et seq.* By electing the limited tort option, appellants received reduced insurance premiums. In exchange for reduced premiums, appellants were generally precluded from recovering for non-economic losses [1] unless they sustained a "serious injury" [2] as a result of the accident. 75 Pa.C.S. § 1705(d).

Appellants brought a civil action in tort to recover non-economic damages allegedly suffered as a result of the automobile accident, including a loss of consortium claim filed on behalf of appellant Harry F. Price. During the closing jury charge, the trial court instructed the jury pursuant to *Pennsylvania Suggested Standard Jury Instruction* (Civil), 6.02D, pertaining to recovery of non-economic loss damages in cases where the plaintiff has suffered serious impairment of a body function.[3] Prior to this instruction, the trial court, over appellants' objections, also instructed the jury as follows:

> [Appellants] have admitted that they selected the limited tort option. I will now instruct you regarding that. When a person elects the limited tort option the cost of insurance premiums to be paid by the insured are reduced. However, that person in selecting the limited tort option gives up their right to sue for non-economic loss such as pain and suffering except where the insured suffers a serious injury.

R.R. at 244a.

On March 30, 1996, following jury deliberations, appellants were denied all non-economic damages. Appellants filed post-

---

1. The MVFRL defines a "non-economic loss" as "pain and suffering and other nonmonetary detriment." 75 Pa.C.S. § 1702.

2. The MVFRL defines a "serious injury" as "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

3. The portion of the instruction pertaining to recovery of non-economic loss damages and defining "serious impairment of body function" comported with the standards approved by this Court in *Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733, 740 (1998).

trial motions seeking judgment n.o.v. or a new trial, which the trial court denied. Subsequently, on appeal to the Superior Court, appellants alleged that the trial court committed reversible error by instructing the jury that appellants had chosen the limited tort option resulting in lower insurance premium payments. The Superior Court rejected appellants' argument and affirmed the trial court. On March 31, 1998, this Court granted allocatur to determine whether the aforementioned jury instruction amounted to reversible error.

In reviewing a trial court's denial of a motion for a new trial, we determine whether the trial court abused its discretion or committed an error of law which affected the outcome of the case. *See Vignoli v. Standard Motor Freight, Inc.,* 418 Pa. 214, 217, 210 A.2d 271, 272–73 (1965) (citations omitted). In reviewing a claim regarding error with respect to a specific jury charge, we must view the charge in its entirety, taking into consideration all the evidence of record to determine whether or not error was committed. *Lockhart v. List,* 542 Pa. 141, 147, 665 A.2d 1176, 1179 (1995). If we find that error was committed, we must then determine whether that error was prejudicial to the complaining party. *Id.* (citing *Reilly by Reilly v. SEPTA,* 507 Pa. 204, 489 A.2d 1291 (1985)). Error will be found where the jury was probably misled[4] by what the trial judge charged or where there was an omission in the charge which amounts to fundamental error. *Id.* (citing *Sweeny v. Bonafiglia,* 403 Pa. 217, 169 A.2d 292 (1961); *Voitasefski v. Pittsburgh Railways Co.,* 363 Pa. 220, 69 A.2d 370 (1949)).

Appellants argue that the trial court's reference to the limited tort insurance option and to the corresponding lower

4. Madame Justice Newman takes issue with the words "probably misled," and would focus instead on whether the jury was "palpably misled." However, the standard of review for a faulty jury charge must be expressed in terms of probabilities, as there is simply no way to determine whether a juror was, in fact, misled. A reviewing court has no means to access a juror's actual thought processes to determine whether the juror "palpably" relied on the faulty jury charge in reaching a decision. Accordingly, we believe that the standard of review in this context is best articulated in terms of probabilities.

insurance premium payment was irrelevant, misleading and prejudicial, and that the reference amounted to a reversible error of law. For the reasons expressed below, we agree.

The Superior Court correctly ascertained the general rule that, in a negligence suit, evidence that a *defendant* carries liability insurance is inadmissible, with certain narrow exceptions, due to the fact that it is prejudicial to the defendant and generally irrelevant to the real issues in the case. *See Trimble v. Merloe*, 413 Pa. 408, 410, 197 A.2d 457, 458 (1964). However, the Superior Court determined that, under the circumstances of this case, the rationale driving the aforementioned evidentiary rule does not apply because the court concluded that appellants' election of the limited tort option was relevant to issues in this matter. Specifically, the Superior Court determined that the fact that appellants elected the limited tort option resulting in lower premium payments was relevant, first, to explain to the jury why appellants had to carry the high burden of establishing that Deborah Price had suffered a "serious injury" before they could recover and, second, to aid in determining what level of damages were appropriate. We disagree with the Superior Court on both points.

First, the jury simply did not require an explanation of *why* appellants had to demonstrate the existence of a "serious injury" before they could recover non-economic damages. All that was required was a clear explanation of the criteria which the jury was permitted to consider in determining *whether* appellants had demonstrated the existence of a "serious injury." By delving into an explanation of why appellants shouldered their burden, the trial court brought facts to the jury's attention which were of no consequence to any issue in the case. The fact that appellants had declined to contract for the more expensive insurance option did not aid the jury at all in determining whether Deborah Price had suffered a "serious injury."

Second, the fact that appellants paid lower insurance premiums in exchange for limited tort coverage was wholly irrelevant on the issue of the amount of damages required to

compensate appellants if the jury determined that they had suffered non-economic damages. The severity of the non-economic injuries suffered by a plaintiff and the corresponding level of damages simply bears no causal nexus whatsoever to the nature of the insurance option which that plaintiff selected.

Moreover, the extraneous facts which were brought to the jury's attention in this matter were prejudicial to appellants. When the trial court informed the jury that appellants had "admitted" that they had voluntarily chosen the less expensive limited tort insurance option, the court risked imparting to the jury the notion that appellants' selection of the less expensive alternative was, in and of itself, a factor to be considered in determining whether appellants should be compensated for their non-economic injuries. Just as this Court views evidence of the fact that a defendant carried insurance as prejudicial to the defendant in a negligence case, we equally view evidence of the fact that a plaintiff selected a less expensive insurance option as prejudicial to the plaintiff. In either case, there is a risk that, in determining liability, the jury will depart from the relevant standards and definitions on which they have been charged and instead consider the fact of a party's insurance coverage, or lack thereof, as relevant on the issue of liability. Just as a jury is more likely to attach liability to a defendant covered by insurance who will not suffer financially from a plaintiff's verdict, so too is a jury less likely to award damages to a plaintiff who it views as having bargained away its right to non-economic damages in exchange for having obtained less expensive insurance coverage.

The purpose of jury instructions is to keep jurors focused on resolving factual disputes based on the governing law rather than on their own ideas of how best to balance the equities. By allowing jurors to consider the extent to which parties have elected to insure themselves, trial courts afford jurors the opportunity to determine the issue of liability in accordance with their own notions of fairness, cost allocation, and risk management, rather than in accordance with the law on which they have been instructed.

Thus, we conclude that the trial court erred by informing the jury that appellants elected the limited tort option and that such election resulted in their paying lower premiums. On this record, we cannot conclude that this error did not affect the verdict. Consequently, we remand this matter for a new trial.

Justice NEWMAN files a concurring opinion.

NEWMAN, Justice, concurring.

I concur and write separately to emphasize our standard and scope of review when reviewing a request for a new trial because of an error in a jury charge. In examining the instructions, we must determine "whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case." *Stewart v. Motts*, 539 Pa. 596, 605, 654 A.2d 535, 540 (1995) (*citing Williams v. Philadelphia Transportation Company*, 415 Pa. 370, 374, 203 A.2d 665, 668 (1964)). Further, we have long held that an appellate court will not grant a new trial on the ground that a jury instruction is inadequate unless the error:

> is such that the issues are not made clear to the jury or the jury was *palpably misled* by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error.

*Voitasefski v. Pittsburgh Railways Co.*, 363 Pa. 220, 226, 69 A.2d 370, 373 (1949) (emphasis added). *See also Von der Heide v. Commonwealth Department of Transportation*, 553 Pa. 120, 718 A.2d 286 (1998) (error if jury "palpably" misled); *Stewart v. Motts, supra,* (same). In deciding whether the instruction of the trial court was inadequate, I believe that the proper inquiry is not whether the jury was "probably" misled, as the majority states. Instead, the focus of our review is whether the jury was "palpably" misled. In other words, is the conclusion that the jury was misinformed readily apparent, obvious, or evident from the record? Further, our previous jurisprudence has placed the burden of establishing prejudice upon the party requesting a new trial. *See, e.g., Carter v.*

*United States Steel Corporation,* 529 Pa. 409, 420, 604 A.2d 1010, 1016, *cert. denied,* 506 U.S. 864, 113 S.Ct. 186, 121 L.Ed.2d 130 (1992) (burden to show prejudice in order to grant new trial on moving party). Thus, I believe that it is improper to conclude that reversible error occurs whenever the appellate court is unable to discern whether prejudice has occurred, as suggested by the Majority Opinion. Instead, prejudice to the moving party must be readily discernable and there must be a reasonable likelihood that it affected the outcome of the case.

With this standard in mind, I find that the instructions of the court directing the attention of the jury to the insurance options of the Plaintiff palpably misled the jury, and reasonably could have affected the verdict in this matter. I agree with the conclusion of the Majority that the inclusion of insurance issues into the case is as prejudicial to a plaintiff as it is to a defendant. Consequently, the general prohibition against the infusion of a defendant's insurance coverage into a case, as set forth for example in *Trimble v. Merloe,* 413 Pa. 408, 410, 197 A.2d 457, 458 (1964), is equally applicable to the direct reference of the plaintiff's insurance matters. Accordingly, the instruction of the trial court was reversible error.