## Richey v. Loder

C.P. of Butler County, no. A.D. 97-10820.

*Paul L. Hammer,* for plaintiffs.
*Leo M. Stepanian II,* for defendants Loder.
*Lee A. Montgomery,* for defendants Peterson.

O'BRIEN, *S.J.,* December 4, 2000—Defendants Kelly Marie Loder and Stephen A. Loder have filed a motion to bifurcate the liability and damages issues from the insurance coverage issue. Both defendants Loder and defendants Steven L. Peterson and Deborah Peterson have filed motions to compel plaintiffs Marlene F. Richey and Wilber E. Richey to file a declaratory judgment action against Liberty Mutual Insurance Company.

This case arises out of an automobile accident that occurred on September 12, 1995. Defendant Kelly Loder allegedly failed to stop at a sign on Haine School Road and thereupon caused her automobile to collide with the automobiles driven by plaintiff Richey and defendants Peterson.

## MOTION TO COMPEL

There is a dispute between parties as to whether plaintiffs Richey selected the limited tort option or the full tort option with their insurance carrier, Liberty Mutual Insurance Company. Liberty Mutual Insurance Company is not a party to this action. Plaintiffs Richey contend that they selected the full tort option while defendants Loder contend in their motion that plaintiffs Richey selected the limited tort option.

In their motions to compel, defendants Loder and defendants Peterson contend Liberty Mutual Insurance Company is a necessary party to this action. Defendants Loder and defendants Peterson argue that any decision by the court as to the tort coverage selection made by plaintiffs Richey involves the rights, liabilities, and obligations of Liberty Mutual Insurance Company. Therefore, both parties contend plaintiffs Richey should be compelled to file a declaratory judgment against Liberty Mutual Insurance Company in order to resolve the issue surrounding the tort coverage selection.

Defendants Loder and defendants Peterson have not cited any persuasive authority that permits the court to compel plaintiffs Richey to file an action for declaratory judgment against their insurance company. Although a

declaratory judgment may be a proper method of determining whether plaintiffs Richey selected full tort or limited tort coverage, plaintiffs Richey cannot be compelled to litigate this issue by filing a declaratory judgment action against Liberty Mutual Insurance Company.

## MOTION TO BIFURCATE

In *Hutchison ex rel. Hutchison v. Luddy, infra,* the Superior Court of Pennsylvania stated "[b]ifurcation should be carefully and cautiously applied and be utilized only in a case and at a juncture where informed judgment impels the court to conclude that application of the rule will manifestly promote convenience and/or actually avoid prejudice." See *Hutchison ex rel. Hutchison v. Luddy,* 763 A.2d 826, 843 (Pa. Super. 2000). When deciding a motion to bifurcate, the court should carefully consider any dangers that evidence relevant to both issues may be offered at only one-half of the trial. *Id.*

Pennsylvania Rule of Evidence 411 states

"Evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias, or prejudice of a witness." See Pa.R.E. 411.

In *Price v. Guy, infra,* the Supreme Court of Pennsylvania has reasoned that evidence of whether a party has selected full tort coverage or limited tort coverage should not be presented to the jury. See *Price v. Guy,* 558 Pa.

42, 49, 735 A.2d 668, 672 (1999). The jury should merely focus on resolving the factual disputes based on the law, namely determining issues involving liability and compensation for damages. *Id.* It is prejudicial to allow the jury to consider the extent to which parties have elected to insure themselves. *Id.* The presentment of evidence of insurance coverage affords the jury the opportunity to determine the issues of liability and damages in accordance with their own personal notions of fairness, cost allocation, and risk management, rather than in accordance with the law. *Id.*

In *Sorbee International Limited v. Chubb Custom Insurance Company, infra,* the Superior Court held because a determination of the terms of an insurance policy involved an interpretation of the insurance contract, this determination presented a question of law for the court to decide. See *Sorbee International Limited v. Chubb Custom Insurance Co.,* 735 A.2d 712, 714 (Pa. Super. 1999).

The court finds that it is not a function of the jury to determine whether plaintiffs Richey selected limited tort or full tort coverage, but rather, a function of the court. To allow the jury to hear evidence of the extent of coverage, even if heard separate from a trial on the issues of liability and damages, would be prejudicial. The jury would be afforded the opportunity to decide the issue of coverage selection based on their emotions and sense of fairness, rather than the governing law. The determination of whether plaintiffs Richey selected the limited tort option or the full tort option of their insurance policy involved an examination of the insurance contract and

an interpretation thereof. Therefore, the court finds the determination of insurance coverage selection is a question of law for the court. Furthermore, evidence of whether plaintiffs Richey selected full tort or limited tort coverage on their insurance contract could not be presented at a trial on the issues of liability and damages. Therefore, all of the evidence relevant to the issues of liability and damages may be presented at a trial on these issues regardless of whether these issues are bifurcated from the issue of insurance coverage selection.

## ORDER

And now, December 4, 2000, the court hereby orders the following:

(1) Defendants Loder's motion to compel plaintiffs Richey to file a declaratory judgment against Liberty Mutual Insurance Company is denied.

(2) Defendants Peterson's motion to compel plaintiffs Richey to file a declaratory judgment against Liberty Mutual Insurance Company is denied.

(3) Defendants Loder's motion for bifurcation of the issues regarding liability and damages from the issue of tort coverage selection is granted.

The court will conduct a trial by jury on the issues of liability, damages and whether plaintiffs Richey suffered "serious injury." If the jury returns a verdict in favor of plaintiffs Richey, the court will conduct a nonjury trial to determine whether plaintiffs Richey selected full tort or limited tort coverage with their insurance company.