# Colangeli v. Pallone

*Michael Balzarini,* for plaintiff.
*John A. Bass,* for defendant.

BALDWIN, *J.,* August 7, 2003—Plaintiff Gary Colangeli appeals the judgment entered after a jury trial in favor of defendants in his professional negligence action against John Pallone, Doctor of Chiropractic, concerning the alleged negligent treatment of Mr. Colangeli and against the remaining defendants, which Mr. Colangeli claimed were vicariously liable to him because they are employers of Dr. Pallone.

Mr. Colangeli underwent treatment with Dr. Pallone in January of 1999 due to chronic pain in his lower back. He claimed that Dr. Pallone's treatment, which spanned several months, caused him significant permanent injury,

including a herniation in his lower spine which required surgery. Mr. Colangeli brought this suit contending that Dr. Pallone was negligent in administering manipulations to Mr. Colangeli in light of his preexisting condition and that Dr. Pallone was negligent in continuing this treatment after Mr. Colangeli's symptoms worsened during the course of his treatment. After trial, a jury returned a verdict in favor of defendants and against plaintiff. Judgment was entered and this appeal followed.

Plaintiff argues that this court erred at trial in the following ways: (1) in allowing defendants' liability expert, Gary Tarola D.C., to offer expert opinion testimony on the existence of "two schools of chiropractic thought" because this defense was not pled in defendants' answer and new matter, was not raised in defendants' pretrial statement and was not raised in defendants' expert report; (2) in charging the jury on the "two schools of thought" doctrine when the evidence submitted by defendants on the doctrine was insufficient as a matter of law; (3) in charging the jury on the "two schools of thought" doctrine when this doctrine is not applicable to the standard of chiropractic care in this case; (4) in charging the jury on the "two schools of thought" doctrine without instructing the jury that the defendants have the burden of proving the defense; (5) in refusing to charge the jury with plaintiff's requested point for charge number eight, which informed the jury that Dr. Pallone owed a duty to conduct adequate testing to arrive at a diagnosis and to select a course of treatment for the patient and that Dr. Pallone could be found negligent for breach of these duties; (6) in charging the jury with a misleading definition of "professional negligence" in that the jury

was instructed that plaintiff could not recover in this case unless plaintiff produced expert testimony establishing that the defendants did not exercise the "skill of chiropractors as employed by other practitioners in like areas of chiropractic medicine"; (7) in charging the jury that if it found plaintiff contributorily negligent and that such negligence was a substantial factor in bringing about plaintiff's harm then the verdict must be for the defendants and because the trial court's subsequent curative instruction was ineffective and inadequate to correct the error; and (8) in charging the jury on the issue of contributory negligence when the defendants failed to produce sufficient evidence to warrant a charge on this point because there was no medical evidence offered by defendants and the jury's consideration of the issue amounted to complete speculation.

Each of these claims of error is addressed below. First, plaintiff argues that this court erred in allowing defendants' liability expert, Gary Tarola D.C., to offer expert opinion testimony on the existence of the "two schools of chiropractic thought," where this defense was not pled in defendants' answer and new matter, was not raised in defendants' pretrial statement and was not raised in defendants' expert report. The "two schools of thought" doctrine as stated in a case involving the question of a medical doctor's malpractice is as follows:

"Where competent medical authority is divided, a physician will not be held responsible if in the exercise of his judgment he followed a course of treatment advocated by a considerable number of recognized and respected professionals in his given area of expertise." *Jones v. Chidester,* 531 Pa. 31, 40, 610 A.2d 964, 969 (1992).

The purpose of the doctrine is to provide "an absolute defense to a claim of negligence when it is determined that the prescribed treatment or procedure has been approved by one group of medical experts even though an alternate school of thought recommends another approach, or it is agreed among experts that alternative treatments and practices are acceptable." *Id.* at 33, 610 A.2d at 965. The justification for the doctrine is that a jury should not be required to judge which school of thought is the best when medical practitioners themselves differ on the point. *Id.* at 37, 610 A.2d at 967. However, there must be a "considerable number" of medical experts to be sufficient to create another school of thought, although not necessarily a majority. *Id.* at 40, 610 A.2d at 969.

In this case, it was plaintiff's theory of the case that Dr. Pallone was negligent in choosing to perform side posture spinal manipulation treatment to Mr. Colangeli in light of his symptoms and the condition of his spinal discs. In support of this theory, plaintiff offered the expert testimony of Dr. James H. Winer D.C., who testified that Dr. Pallone caused Mr. Colangeli's injuries by a twisting manipulation and that side posture manipulation should not be used on anyone with a suspected disc problem. See Trial Transcript at 205, 224, 229-30; also see Dr. Winer's expert report (stating that side posture manipulation when done improperly can put intolerable pressure on discs). It was defendants' theory of the case that Dr. Pallone's treatment, including manipulative therapy, was reasonable and appropriate and within the standard of care accepted by a majority of chiropractors. See the testimony of Gary A. Tarola D.C. and Dr. Tarola's expert report.

The first time the differing expert opinions in this case were arguably characterized as stating two schools of thought was at trial by plaintiff's expert, Dr. Winer, in the following exchange during the cross-examination of Dr. Winer:

"Q. Is chiropractic manipulation contraindicated for everyone with degenerative disk disease?

"A. As I mentioned in my earlier testimony there are many different systems of chiropractic. All depends which type chiropractic treatments we are talking about." TT at 238 [sic].

Dr. Winer then admitted that there is a recognized school of thought supporting such spinal manipulations on those with degenerative disc disease. TT at 239-40, 242. Defendants' counsel later asked defendants' expert, Dr. Tarola, during his direct examination whether there was a recognized school of thought on performing side posture spinal manipulations on someone like Mr. Colangeli. TT at 468-69. It was then that plaintiff's counsel objected, for the first time, on the grounds that the two schools of thought doctrine does not apply to a chiropractic case and if it did apply it must be stated in an expert report. TT at 469. This court overruled plaintiff's objections and allowed Dr. Tarola to testify that side spinal manipulations are a majority practice and that this technique was appropriately used on Mr. Colangeli. TT at 472-73, 468-96.

Dr. Tarola's testimony was properly admitted into evidence at trial. Plaintiff argues that it was error to admit Dr. Tarola's testimony because the defendants did not plead the two schools of thought doctrine in their an-

swer and new matter. At trial, plaintiff's counsel did not object to the "two schools of thought" characterization of the expert testimony on the basis that this doctrine was not pled and thus this ground is waived. *Brown v. Philadelphia Tribune Co.,* 447 Pa. Super. 52, 58, 668 A.2d 159, 162 (1995) (appellants must make timely and specific objections at trial to preserve an issue for appeal). Moreover, defendants are not required to plead the two schools of thought defense because it is not an affirmative defense. See *Voorhees v. Trustees of the University of Pennsylvania,* 33 Phila. 302, 331 (1997) (recognizing that the two schools of thought doctrine is not an affirmative defense but is a label as to a type of evidence offered in a case when a medical practitioner is alleged to have deviated from a standard of care), *affirmed,* 718 A.2d 869 (Pa. Super. 1998) (mem.).

Plaintiff argues that defendants were not entitled to a jury instruction on the two schools of thought defense when the defense was not raised in defendants' pretrial statement and because the evidence submitted by defendants was insufficient to warrant the charge. In fact, the substance of defendants' position at trial was raised in defendants' expert report. It was always defendants' theory of the case that Dr. Pallone abided by the standard of care. See defendants' expert report in which Dr. Tarola concludes the following: "The treatment methods provided by Dr. Pallone including manipulative therapy was [sic] reasonable, appropriate, within the standard of care and in fact preferred by most chiropractic and medical authorities for the condition described." At trial, defendants' expert testified not that Dr. Pallone abided by a different school of thought but that Dr.

Pallone followed the preferred treatment method and that plaintiff's expert was "wrong." TT at 528. Defendants' expert also testified that he did not know if there were "schools of thought" on the subject, only a split of opinion among chiropractors as to whether spinal manipulations were safe for all patients with herniated discs but that authorities confirm that spinal manipulations can be used safely and often effectively on people with disc herniations. See TT at 537-38.

The jury was instructed on the two schools of thought doctrine because plaintiff's expert purported to characterize Dr. Pallone's course of treatment as a recognized but secondary school of thought. The testimony in this case does not present the typical situation where a jury is instructed on the two schools of thought doctrine because the defendants were not trying to prove the validity of a minority but respected course of treatment. While the plaintiff's expert did not testify that a considerable number of respected experts abided by the course of treatment applied by Dr. Pallone in this case, the defendants' expert testified that the course of treatment at issue was the course of treatment preferred by a majority of chiropractors. Therefore, plaintiff was certainly not prejudiced by the instruction in this case and plaintiff has not claimed that he was prejudiced by the instruction.

Next, plaintiff argues that the two schools of thought doctrine only applies to medical doctors and not to chiropractors. This court disagrees. The doctrine would certainly apply to chiropractors because the reasoning behind the doctrine is not restricted to medical doctors but would apply to all medical professionals who exercise judgment in the course of treating patients. See *Neilson*

*v. Ruoti,* 45 D.&C.4th 518 (Bucks Cty. 1999) (holding that the doctrine applies in a malpractice action against a physical therapist); see also, *Sinclair by Sinclair v. Block,* 534 Pa. 563, 571, 633 A.2d 1137, 1141 (1993) (referring to the two schools doctrine as applicable in cases involving "medical experts"); *Jones, supra* (from time to time referring to the two schools doctrine as applicable in cases involving "medical practitioners" or "medical experts").

Plaintiff then argues this court erred in charging the jury on the two schools of thought doctrine without instructing the jury that the defendants have the burden of proving the defense. It is true that the burden of proving the doctrine falls on the defendant but the burden should not prove "burdensome." *Gala v. Hamilton,* 552 Pa. 466, 715 A.2d 1108, 1110-11 (1998); *Jones,* 531 Pa. at 40, 610 A.2d at 969. "Once the expert states the factual reasons to support his claim that there is a considerable number of professionals who agree with the treatment employed by the defendant, there is sufficient evidence to warrant an instruction to the jury on the two 'schools of thought.' " *Id.* For example, in *Gala v. Hamilton,* the Supreme Court stated that a defendant need not provide medical literature to satisfy its burden of raising sufficient evidence to warrant the jury instruction because "[l]imiting evidence to medical literature would have the effect of preventing expert witnesses from testifying to the existence of a school of thought based on their experience as practitioners and on information they obtained during their medical training and while attending lectures and other educational programs." *Gala,* 715 A.2d at 1111.

Again, it was the defendants' position that plaintiff's expert was in error as to the proper standard of chiro-

practic care in this case and not that Dr. Pallone recognized the standard of care presented by plaintiff's expert but followed a different course of treatment supported by a considerable number of respected chiropractors. Thus, by their evidence, the defendants were challenging the plaintiff's evidence on the standard of care as opposed to offering another. Accordingly, the burden of proof never shifted to the defendants on this point. Moreover, plaintiff failed to preserve this claim of error in his objections to the jury charge at trial and, thus, this claim of error has been waived. See *Cipriani v. Sun Pipe Line Co.*, 393 Pa. Super. 471, 574 A.2d 706, 711 (1990) ("unless a specific exception has been taken to an alleged error in the trial court's instructions, the alleged error will be deemed waived and will not be considered by [a] reviewing court"). (citations omitted)

Plaintiff argues that this court erred in refusing to charge the jury with plaintiff's requested charge number eight which informed the jury that Dr. Pallone owed a duty to conduct adequate testing to arrive at a diagnosis and to select a course of treatment for the patient and that Dr. Pallone could be found negligent for breach of that duty. Plaintiff had many theories as to how Dr. Pallone breached his standard of care and plaintiff offered these theories through their expert testimony. The court found that the general charge for professional negligence was sufficient to explain to the jury the standard of conduct applicable to Dr. Pallone in connection with the manner in which he treated Mr. Colangeli. "It is well settled that a trial judge may properly refuse a litigant's requested instructions when the substance thereof had been adequately covered in the general charge." *Perigo*

*v. Deegan,* 288 Pa. Super. 93, 98-99, 431 A.2d 303, 306 (1981). Thus, this claim of error is without merit.

Plaintiff claims this court erred in charging the jury with a misleading definition of professional negligence in that the jury was instructed that plaintiff could not recover in this case unless plaintiff produced expert testimony establishing that the defendants did not exercise the skill of chiropractors as employed by other practitioners in like areas of chiropractic medicine. The court fails to see any error in this statement of law. Compare the standard of care as enunciated by the Superior Court in *Joyce v. Boulevard Physical Therapy & Rehabilitation Center P.C.,* 694 A.2d 648 (Pa. Super. 1997), a professional malpractice case concerning the acts of a physician, in which the court held the following:

"A physician who is not a specialist is required to possess and employ in the treatment of a patient the skill and knowledge usually possessed by physicians in the same or a similar locality, giving due regard to the advanced state of the profession at the time of the treatment; and in employing the required skill and knowledge he is also required to exercise the care and judgment of a reasonable man." *Id.* at 654. (citations omitted)

Plaintiff claims this court erred in charging the jury that if it found plaintiff contributorily negligent and that such negligence was a substantial factor bringing about plaintiff's harm then the verdict must be for the defendants and the trial court's subsequent curative instruction was ineffective and inadequate to correct the error. After the jury charge, plaintiff objected to the charge on this ground and the court sustained the objection and

provided a curative instruction, stating in relevant part as follows:

"If your answer is in the affirmative as to both questions, mainly that Mr. Colangeli was contributorily negligent and that his conduct was a substantial factor in causing the injuries, then you must make a determination of the amount of causal negligence on both parties." TT 749-50, 752-53.

This curative instruction corrected any error in the court's original charge. Additionally, the jury found that Dr. Pallone was not negligent in this case and, thus, the jury never reached the issue of plaintiff's contributory negligence; accordingly, plaintiff could not have been prejudiced by this alleged error. See *Price v. Guy,* 558 Pa. 42, 735 A.2d 668, 672-73 (1999) (holding that a new trial is warranted only when the alleged error was prejudicial to the complaining party).

Plaintiff also claims that this court erred in instructing the jury on contributory negligence because the defendants failed to produce sufficient evidence to warrant a charge. Again, because the jury did not reach the question of plaintiff's contributory negligence, plaintiff could not have been prejudiced by this alleged error. See *Price, supra.* Moreover, "[w]hen there is any evidence of contributory negligence, the trial court must instruct the jury appropriately, no matter how strong the evidence to the contrary may be." *Levine v. Rosen,* 394 Pa. Super. 178, 182, 575 A.2d 579, 580-81 (1990), *affirmed on other grounds,* 532 Pa. 512, 616 A.2d 623 (1992). There is no requirement that defendants provide medical testimony in support of the defense of contributory negligence in

all cases and in this case it was not a necessity. Defendants argued that Mr. Colangeli was contributorily negligent in not informing Dr. Pallone of Mr. Colangeli's complete medical history thereby allowing Dr. Pallone to make decisions based only on the history given. Thus, the court properly charged the jury on the issue of contributory negligence. Compare *Levine v. Rosen, supra* (holding in a medical malpractice case that a jury instruction on the issue of the plaintiff's contributory negligence was appropriate when there was some evidence that the plaintiff did not report all of her symptoms to her doctor).

Accordingly and for the reasons stated herein, the judgment against plaintiff and in favor of defendants should be affirmed.