J-E01004-25                    2026 PA Super 43

| | | |
|---|---|---|
| DANA BURNLEY AND RALPH BURNLEY, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOEWS HOTEL, PHILADELPHIA | : | |
| HOTEL OPERATING COMPANY, INC., | : | No. 370 EDA 2023 |
| TWELFTH STREET HOTEL | : | |
| ASSOCIATES, AUDIO VISUAL | : | |
| SERVICES GROUP, INC. D/B/A PSAV | : | |
| PRESENTATION SERVICES, LAWALL | : | |
| COMMUNICATIONS, CHECKERS | : | |
| INDUSTRIAL PRODUCTS, CHECKERS | : | |
| SAFETY GROUP, CHECKERS | : | |
| INDUSTRIAL SAFETY PRODUCT, | : | |
| FIREFLY CABLE PROTECTORS, | : | |
| LINEBACKER  CABLE MANAGEMENT | : | |
| AND ASCENDANT VENTURES, INC. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| INDUSTRY ADVANCED | : | |
| TECHNOLOGIES, INC., ASCENDANT | : | |
| VENTURES, INC., FALLINE | : | |
| CORPORATION, FOH PRODUCTIONS, | : | |
| EVAN ANDREWS, EVAN ANDREWS | : | |
| DESIGN AND ALLEN PRICE, PRICE | : | |
| PRODUCTIONS, LLC AND | : | |
| CHRISTOPHER HASSFURTHER | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CHECKERS INDUSTRIAL | : | |
| PRODUCTS, LLC | : | |

Appeal from the Judgment Entered January 10, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160901257

| | | |
|---|---|---|
| DANA BURNLEY AND RALPH BURNLEY, H/W | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : : | |
| v. | : : : : : | |
| | : | No. 485 EDA 2023 |
| LOEWS HOTEL, PHILADELPHIA HOTEL OPERATING COMPANY, INC., TWELFTH STREET HOTEL ASSOCIATES, AUDIO VISUAL SERVICES GROUP, INC. D/B/A PSAV PRESENTATION SERVICES, LAWALL COMMUNICATIONS, CHECKERS INDUSTRIAL PRODUCTS, CHECKERS SAFETY GROUP, CHECKERS INDUSTRIAL SAFETY PRODUCT, FIREFLY CABLE PROTECTORS, LINEBACKER  CABLE MANAGEMENT AND ASCENDANT VENTURES, INC. v. | : : : : : : : : : : : : : : : : | |
| INDUSTRY ADVANCED TECHNOLOGIES, INC., ASCENDANT VENTURES, INC., FALLINE CORPORATION, FOH PRODUCTIONS, EVAN ANDREWS, EVAN ANDREWS DESIGN AND ALLEN PRICE, PRICE PRODUCTIONS, LLC AND CHRISTOPHER HASSFURTHER | : : : : : : : : | |

Appeal from the Judgment Entered January 10, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160901257

BEFORE:  LAZARUS, P.J., BOWES, J., PANELLA, P.J.E., DUBOW, J.,
          McLAUGHLIN, J., KING, J., SULLIVAN, J., BECK, J., and LANE, J.

CONCURRING AND DISSENTING OPINION BY LAZARUS, P.J.:

**FILED MARCH 5, 2026**

I note my concurrence and dissent because I must respectfully disagree with the Lead Opinion's analysis that Checkers Industrial Products, LLC (Checkers), is not entitled to a new trial based on the Appellees' (Burnleys or Plaintiffs) trial references to the insurance provision in the Asset Purchase Agreement (APA). I would find that Checkers suffered prejudice resulting in reversible error, requiring a new trial, when the trial court: (a) admitted the minimally relevant insurance evidence in the APA, while (b) denying Checkers' requested limiting instruction on the limited purpose for which the insurance evidence was admissible, and (c) deeming inadmissible otherwise relevant contextualizing evidence. The trial court's actions thus compounded the prejudice and contributed to the admitted evidence misleading the jury. **See Walsh v. Wilkes-Barre**, 64 A. 407, 408 (Pa. 1906) (reversing trial court and ordering mistrial where improper remark calling attention to insurance, which was manifestly prejudicial to defendant, was immaterial and irrelevant in trial, effect of remark would increase amount of verdict by invoking antagonism to corporations, and where trial judge declined to provide jury with requested limiting instruction). I also note my agreement with Judge Beck's Concurring Opinion with respect to the Lead Opinion's discussion regarding the continued vitality of **Dawejko**. In my opinion, Judge Beck makes a valid point, particularly since Checkers does not address that issue in its appellate brief and expressly disclaimed it at oral argument before the Court en banc. **See** Concurring Opinion, at 3.

- 3 -

Preliminarily, I agree with the Lead Opinion that the trial court correctly determined that it was for the jury to decide the applicability of the product line exception to successor liability.  In making that determination, the jury could consider several factors, including whether the successor corporation, Checkers, caused the virtual destruction of the Plaintiffs' remedies against the original manufacturer, Industry Advanced Technologies, Inc. (IAT).  On cross-examination and re-cross examination of Justin Lytle, a Checkers representative, the Burnleys elicited testimony that there is a statement in the APA that IAT "currently has no insurance."  N.T. Trial (Jury) Volume V, 8/29/22, at 83-84, 86.

When the Burnleys cross-examined Lytle on this statement, Checkers: (1) immediately objected to any reference to the APA's insurance provision; (2) requested a mistrial at sidebar when the court denied the objection; and (3) requested a limiting or curative instruction.  The following exchange occurred regarding Checkers' request for a curative instruction:

> THE COURT:  Now, your motion for a mistrial is denied.  You may request a corrective instruction.  I am concerned that—**I just don't know whether the fact that the company is representing it doesn't have insurance now because it didn't have insurance when the accident happened or** that that insurance—**how that insurance would work.**  If you want to get a corrective instruction on—
>
> [CHECKERS' COUNSEL]:  **I request one, yes.**
>
> THE COURT:  Okay.  Tell me what you want.
>
> [CHECKERS' COUNSEL]:  **This representation is being made as of the date this agreement was signed in April 2015. There is no information about prior applicable insurance or**

> **subsequent applicable insurance**, Judge. In fact, we have information that there was subsequent applicable insurance.
>
> [THE COURT]: I can't say that—

*Id.* at 80 (emphasis added). The trial court declined to give any curative instruction at that time and allowed trial to resume. *See id.* at 83-84. On re-direct examination, Checkers attempted to contextualize the relevance of the APA's insurance provision, but **the trial court sustained the Burnleys' objection to the question of whether Lytle was aware if IAT has insurance that it acquired subsequent to the insurance that is discussed in the APA**. *Id.* at 85. On re-cross examination of Lytle, the Burnleys again elicited testimony that the APA provides that IAT "currently has no insurance." *Id.* at 86.

The applicable standard of review for a trial court's decision to grant or deny a new trial is for an abuse of discretion. *See Nigra v. Walsh*, 797 A.2d 353, 355 (Pa. Super. 2002). We review the trial court's decision to admit evidence for an abuse of discretion. *See Fid. Nat'l Title Ins. Co. v. Suburban West Abstractors*, 852 A.2d 318, 321 (Pa. Super. 2004). "An erroneous evidentiary ruling does not warrant a new trial unless it was harmful or prejudicial to the complaining party." *Flenke v. Huntington*, 111 A.3d 1197, 1200 (Pa. Super. 2015) (citation and quotation marks omitted). "Generally[,] for the purposes of this evidentiary rule, 'prejudice' means an undue tendency to suggest a decision on an improper basis." *Henery v. Shadle*, 661 A.2d 439, 444 (Pa. Super. 1995) (citation omitted).

A reference at trial to insurance that invites the jury to arrive at a verdict on false grounds requires a new trial. *See Hollis v. United States Glass Co.*, 69 A. 55, 55 (Pa. 1908). Indeed, "[w]here . . . the injection of insurance was done directly, deliberately[,] and by design by counsel for the Plaintiff and it reasonably appears that it was prejudicial to the Defendant, a new trial should be granted." *Trimble v. Merloe*, 197 A.2d 457, 459 (Pa. 1964). Our Supreme Court has explained that, because fact-finders might punish parties for the insurance-related decisions they make, Pennsylvania law protects litigants from this risk. *See Price v. Guy*, 735 A.2d 668, 672 (Pa. 1999) ("Just as a jury is more likely to attach liability to a defendant covered by insurance who will not suffer financially from a plaintiff's verdict, so too is a jury less likely to award damages to a plaintiff who it views as having bargained away its right to non-economic damages in exchange for having obtained less expensive insurance coverage.").

> However, the mere mention of the word ["]insurance["] by a witness during trial does not necessitate a new trial. There must be some indication that the defendant was prejudiced. The defendant is not prejudiced and a mistrial is not required where the reference to insurance is ambiguous and does not disclose that the defendant is himself insured.

*Phillips v. Schoenberger*, 534 A.2d 1075, 1078 (Pa. Super. 1987) (citations, quotation marks, and brackets omitted). Whether the prejudice suffered warrants "a new trial requires a determination based upon an assessment of the circumstances under which the [prejudice occurred] and the precaution taken by the court and counsel to prevent . . . a prejudicial effect." *Siegal v.*

***Stefanyszyn***, 718 A.2d 1274, 1277 (Pa. Super. 1998). "It is the duty of the trial judge to take affirmative steps to attempt to cure harm, once [prejudice at trial] has been objected to." ***Id.***

When evidence is admissible for a limited purpose, the party against whom the evidence is to be used is entitled to a limiting instruction, if so requested. ***See Nigro v. Remington Arms Co.***, 637 A.2d 983, 992 (Pa. Super. 1993); ***see also*** Pa.R.E. 105; ***Price***, 735 A.2d at 672 ("The purpose of jury instructions is to keep jurors focused on resolving factual disputes based on the governing law rather than on their own ideas of how best to balance the equities. By allowing jurors to consider the extent to which parties have elected to insure themselves, trial courts afford jurors the opportunity to determine the issue of liability in accordance with their own notions of fairness, cost allocation, and risk management, rather than in accordance with the law on which they have been instructed.").

Here, the fact that the APA stated that IAT had no insurance at the time of the document's execution is only minimally relevant to the question of whether the Burnleys have other remedies available to them from IAT or whether IAT has other applicable insurance covering the Burnleys' injuries. Prejudice resulted when the court declined to provide a requested limiting instruction to the jury that would have explained the limited value and limited purpose for which the APA's insurance evidence could be considered. ***See Nigro***, ***supra***; Pa.R.E. 105. ***See also Deeds v. Univ. of Pa. Med. Ctr.***, 110 A.3d 1009, 1013-14 (Pa. Super. 2015) (reversing and remanding for new trial

where references to collateral source were not accompanied by contemporaneous limiting instruction). This prejudice was compounded and magnified when the court prevented Checkers from clarifying for the jury whether there exists any other applicable insurance, perhaps acquired by IAT after the execution of the APA. On this record, I would conclude that the trial court's rulings tended to mislead the jury on the relevance and weight that should be afforded the admitted APA insurance testimony, which, in turn, prejudiced Checkers. **See** N.T. Trial (Jury) Volume V, 8/29/22, at 85; **see Henery**, **supra**.

Further, although the APA's statement regarding a lack of insurance is about IAT, and not Checkers, the Burnleys sought to admit this evidence for the purpose of establishing successor liability against Checkers and the witness testifying was a Checkers representative. In my view, where the jury's inquiry was to determine successor liability as between IAT and Checkers, and ultimately found against Checkers, on this record, it is uncertain whether the jury's verdict reflects improper considerations such as confusion of the parties or a desire to punish Checkers for acquiring the Firefly brand of cable protectors with the knowledge that the brand was not insured. **See Price**, **supra** at 671-72. I would find that the logic of **Price** is directly applicable to this case insofar as a jury is less likely to find in favor of a party who it views as having bargained away its rights. **Id.** at 672. Accordingly, I would conclude that the court's evidentiary rulings invited the jury to render a verdict on false grounds, **see Hollis**, **supra**, and caused the jury to be

misled from the relevant inquiry of whether IAT has insurance coverage in effect and applicable to the alleged injury, and not whether IAT had insurance in effect at the time of the APA's execution. Thus, I would vacate the judgment and remand for a new trial.

McLaughlin, J., Joins this Concurring and Dissenting Opinion.

Sullivan, J., Concurs in the Result.